**FILED**
**October 18, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CRYSTAL L. SAMPLES,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0225** (BOR Appeal No. 2055731)
                            (Claim No. 2020000552)

**COASTAL PERSONNEL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Crystal L. Samples, by counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Coastal Personnel, by counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on July 12, 2019. On September 11, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim. This appeal arises from the Board of Review's Order dated February 23, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. See also *Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Samples was a VTM Assembly worker for Coastal Personnel. She completed an Employees' and Physicians' Report of Injury form on June 28, 2019, alleging an injury to her right arm on the same date. Section II of the form was completed by Heather Conway, NP, who was unsure as to the etiology of the symptoms but noted that it was an occupational injury in the form of trauma to the shoulder. Ms. Samples complained about her "trigger finger" sticking and popping, as well as bilateral numbness in her arms. She also reported that she "drops things a lot." Ms. Samples stated that the symptoms were present since she fell between a rack while working at Toyota in the summer of 2017. After the fall, she experienced right elbow pain that radiated up into the axilla and shoulder. The pain never resolved. Ms. Conway noted in her progress note dated June 28, 2019, that she reviewed past medical records and could not find any documentation of a fall. It was noted that there are multiple notes about injuries unrelated to Ms. Samples's arm. The only note regarding her arm was written by an athletic trainer discussing hand spasms on August 4, 2017. Nurse Practitioner Conway concluded that Ms. Samples sustained a mechanical injury to the right shoulder, arm, and hand, and she indicated that the condition was aggravated by an initial injury from a fall in 2017.

A treatment record from Heather Williams, RN, dated June 28, 2019, notes that Ms. Samples presented with symptoms of "trigger finger" on the right third digit and bilateral arm paresthesia. Ms. Samples stated that the condition resulted from a work injury in 2017. She also reported that her bilateral arms were numb until after the first quarter and that the numbness improved with movement. It was recommended that she be treated conservatively with ibuprofen, home stretches, ice/heat, and physical therapy.

The claims administrator rejected the application for benefits on July 12, 2019. The claims administrator stated that the incident report did not reflect that any specific trauma or event occurred causing Ms. Samples's complaints. Also, the Order stated that there were no medical reports reflecting any prior injury involving arm/wrist complaints. Although treatment up to the date of denial was honored, the claims administrator denied any disability benefits or further medical treatment. Ms. Samples protested the claims administrator's rejection of her claim.

An electromyogram nerve study conducted by Glenn Goldfarb, M.D., on August 17, 2019, was a normal study of Ms. Samples's right arm and carpal tunnel syndrome. The study also did not indicate ulnar entrapment or radiculopathy. An MRI of the cervical spine performed at CAMC Teays Valley Hospital on November 6, 2019, revealed broad-based disc protrusion at C5-6 and C7-7, deforming the anterior margin of the thecal sac. There was no evidence of cord compression.

Ms. Samples was deposed on February 11, 2020. She testified regarding a "pop" in her arm on June 28, 2019, when she was working on the process line. She stated initially there was no pain, but as she continued to work, she began dropping items. After returning from lunch, she visited the nurse due to pain and throbbing in her armpit and shoulder. The nurse at the clinic advised her to see a doctor for her issues. The next day she treated with Heather Conway. Responding to questions about the aggravation of a prior injury in 2017, Ms. Samples testified that her trigger finger came as the result of a fall when she caught herself with her right hand. She stated that the difference between 2017 and 2019 is that the 2017 injury did not prevent her from working. She testified that she never filed for workers' compensation benefits for the alleged 2017 injury. Ms. Samples stated that prior to June 28, 2019, she did not have right arm, shoulder, or hand pain. She only had issues with a trigger finger injury.

The Office of Judges affirmed the claims administrator's July 12, 2019, rejection of the claim in a Decision dated September 11, 2020. The Office of Judges concluded that the preponderance of the evidence failed to show that Ms. Samples suffered a discreet new injury on June 18, 2019. In determining whether the current condition was related to the July 2017 injury, the Office of Judges stated that if it was related, the claim was untimely filed. Also, if Ms. Samples is alleging an aggravation or progression of her preexisting noncompensable condition, the claims administrator properly denied the claim. It was noted that this Court addressed this issue in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), where the Court held that preexisting conditions may not be added as a compensable component of a claim merely because the conditions may have been aggravated by a compensable injury. Only to the extent that the aggravation resulted in a discreet new injury may it be found compensable. The Office of Judges determined that the claims administrator correctly denied the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 23, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Samples alleges that her injury was a new occupational injury because she developed new symptoms, including pain traveling from her shoulder to her elbow, while working. When she presented to nurse practitioner Conway on June 28, 2019, Ms. Samples provided a possible chain of events which she believed led to her symptoms. She stated that her pain initially started when she fell between a rack at work in the summer of 2017. After the fall, she had right elbow pain that radiated up into her shoulder. However, she never filed a workers' compensation claim for her 2017 injury. The condition waxed and waned over two years, and she was able to work until June 28, 2019, when she developed new symptoms while performing her duties on an assembly line. After reviewing past medical records, Ms. Conway

3

could not document that a fall occurred in 2017 and was unsure as to the etiology of her symptoms. The Office of Judges found that the evidence of record did not support the allegation that Ms. Samples suffered a new injury in the course of and resulting from her employment. No medical provider found any compensable condition related to her employment. Ms. Samples testified that her current condition was related to an injury which occurred in July of 2017. If so, her application was untimely and barred by the six-month statute of limitation provided in West Virginia Code § 23-4-15(a).

The Office of Judges also analyzed whether Ms. Samples suffered an aggravation or progression of her preexisting condition resulting in a new discreet injury. This Court in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), held at Syllabus Point 3:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a non-compensable preexisting injury results in a discreet new injury, that new injury may be found compensable.

The Office of Judges concluded that the evidence does not support the allegation that Ms. Samples suffered a new compensable injury. All of the evidence of record indicates that Ms. Samples is not suffering from a new condition, and she has failed to carry her burden to establish that she sustained an injury in the course of and resulting from her employment on June 28, 2019.

Affirmed.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4